# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **T.R.**, a Minor, by and through her Mother, **PORSHA BROCK**, )<br><br>Plaintiffs, )<br><br>v. )<br><br>**THE LAMAR COUNTY BOARD OF EDUCATION, VANCE HARRON**, in his individual and official capacity**, LISA STAMPS,** in her individual and official capacity**, and KATHY DEAN**, in her individual and official capacity, )<br><br>Defendants. ) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>CASE NO. _____ |

## COMPLAINT

The Plaintiff, T.R., a minor, by and through her mother, PORSHA BROCK and undersigned counsel files this Complaint against the Defendants, THE LAMAR COUNTY BOARD OF EDUCATION, VANCE HARRON, LISA STAMPS, and KATHY DEAN, for compensatory and punitive damages for the illegal and degrading strip search endured by the Plaintiff from the orders and directives of the Defendants. In support of their Complaint, the Plaintiffs allege the following:

## PRELIMINARY STATEMENT

1.  This is a civil action seeking legal and equitable relief resulting from two unlawful strip searches of an eighth grade, special needs student at Sulligent

1

High School ("Sulligent"), located in Lamar County, Alabama. The unlawful strip searches were conducted by Sulligent's Principal and guidance counselor on Sulligent's premises, in response to finding prescription medication, marijuana "stems and seeds," and rolling papers in T.R.'s bookbag. The first unlawful strip search went beyond what was required under these circumstances. The second unlawful strip search was done without any reasonable suspicion. Both searches occurred without calling any law enforcement personnel, which clearly violated Lamar County Board of Education's policy, as well as Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments.

## STATEMENT OF JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C § 1331 and § 1343. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202 and has jurisdiction over the Plaintiff's claims arising under the laws of the State of Alabama pursuant to the doctrine of Pendant Jurisdiction.

3. Venue is proper in the United States District Court for the Northern District of Alabama, as the events giving rise to the Plaintiff's claims occurred in this judicial district and all of the parties resided or worked in this judicial district.

## PARTIES

4. **Plaintiff T.R.** is an eighth grade, special needs student at Sulligent and is a citizen of the United States, residing in Lamar County, Alabama. T.R. is a

fourteen-year-old female with a mental disability and medical issues. T.R. brings these claims through her custodial parent, Porsha Brock ("Brock").

5. **Defendant Lamar County Board of Education ("LCBE")** is a governmental entity established by Alabama state law, including Ala. Code § 16-8-1, *et seq*. LCBE is responsible for the general administration and supervision of the public schools in the Lamar County School District, and is also responsible for the education of students in Lamar County, Alabama. LCBE's duties encompass the training, control, and supervision of Sulligent High School and its employees, including the individual Defendants named in this lawsuit.

6. **Defendant Vance Harron ("Harron")** is/was the superintendent of education in Lamar County, Alabama, and acts as the Chief Executive Officer of LCBE. Harron's duties include the training, control, and supervision of the Sulligent High School employees, including, but not limited to, Defendant Stamps and Defendant Dean. His duties also include ensuring that the laws relating to schools and the rules and regulations of Alabama and the LCBE are applied correctly. Defendant Harron is sued herein in his individual and official capacity as county superintendent of education and chief executive officer of the Lamar County School Board.

7. **Defendant Lisa Stamps ("Stamps")** is/was the Principal of Sulligent High School. Her duties include the training, control, and supervision of Sulligent

3

and its employees, including Defendant Kathy Dean, Sulligent's guidance counselor. Stamps is being sued both individually and in her official capacity.

8.  **Defendant Kathy Dean ("Dean")** is/was a guidance counselor at Sulligent. Defendant Dean is being sued both individually and in her official capacity.

## FACTUAL ALLEGATIONS

9.  On or about August 28, 2017, T.R. was stripped searched by Stamps, with Dean present.

10.  On or about the night of August 27, 2017, T.R. slept over at a friend's house. Brock packed two plastic bags for T.R. to take over her friend's house. One plastic bag contained evening anxiety medication and the second plastic bag contained morning anxiety medication.

11.  Both anxiety medications were to be consumed before T.R. attended school the next day. However, T.R. unintentionally forgot to take her morning anxiety medication and brought the second plastic bag to school in her bookbag.

12.  Later that same day, T.R. was in Mr. Fowler's agriculture class. Mr. Fowler, as well as some students in T.R.'s class, stated they smelled marijuana. Mr. Fowler called the principal, Stamps, and the assistant principal, Mr. Matthew Byars ("Byars") to his classroom.

4

13.     When Stamps and Byars arrived at Mr. Fowler's classroom, they searched the backpacks of each student in the classroom. Stamps and Mr. Byars approached T.R.'s table last.

14.     After searching T.R.'s bookbag, Stamps and Mr. Byers found drug paraphernalia, prescription medication, and a small amount of marijuana.

15.     Stamps and Mr. Byers had no reason to believe T.R. had additional drugs in her clothes or on her person.

16.     Stamps and Mr. Byars ordered T.R. to go to the guidance counselor's office. Once there, T.R. was strip searched by Stamps. Dean, Sulligent's guidance counselor, was also present during the strip search.

17.     Stamps ordered T.R. to take off all of her clothes. T.R. complied with Defendant Stamps' orders and stripped completely nude.

18.     Stamps ordered T.R. to lift both her breasts and spread her legs in an attempt to ensure T.R. did not have additional contraband on her person.

19.     During the first strip search, neither Brock nor an officer of the law were present.

20.     T.R. is a young, teenage girl who has "always been a tomboy." T.R. is very self-conscious about her body and does not like anyone to see her nude, not even Brock. T.R. was also on her menstrual cycle at the time of the strip search.

21. Stamps humiliated T.R. for no benefit to Sulligent or the State of Alabama because no additional drugs or paraphernalia were found.

22. T.R. was thoroughly embarrassed and suffers from emotional distress. T.R.'s depression has also worsened since the strip search.

23. Brock was finally contacted and arrived at Sulligent, along with T.R.'s seventeen-year-old sister. Brock was then informed of the events that took place regarding T.R.

24. T.R. told Brock, Stamps, and Dean about the prescription drugs, the small bits of marijuana, and the drug paraphernalia found in her bag.

25. After T.R.'s conference in the counselor's office, Stamps ordered T.R. to strip nude for a second time. Again, T.R. stripped completely nude, lifted both her breasts, and spread her legs once again.

26. The second strip search T.R. endured was ordered with no reasonable basis and without reasonable suspicion.

27. T.R. is a special needs student and is prescribed medication for costochondral chest pain, panic attacks, and acute costochondritis. T.R has a prescription for ibuprofen 400 milligrams and also takes medication for depression, diabetes, and attention-deficit/hyperactivity disorder (ADHD).

28. A physician diagnosed T.R. with each disease and prescribed T.R. each medication.

29. Sulligent's official policy for "Drugs, Alcohol, Weapons, Physical Harm, or Threatened Physical Harm" is to call law enforcement when a student is in possession of drugs at school. Stamps and Dean did not call law enforcement.

30. The actions of Stamps and Dean have affected and will continue to affect the Plaintiff's life, including her ability to trust individuals in positions of authority or power.

31. Both searches of the Plaintiff were degrading, demeaning, dehumanizing, undignified, humiliating, frightening, embarrassing, and repulsive.

32. The second search of the Plaintiff was far more intrusive and far more degrading than reasonably necessary or appropriate given the small amount of marijuana stems and seeds found in her bag.

33. Both searches are made even more unreasonable due to the young age and gender of the Plaintiff.

34. Both searches were done willfully, intentionally, and deliberately, with wanton and reckless disregard for the Plaintiff's rights to privacy and bodily integrity and with callous indifference to the Plaintiff and her legal and constitutional rights.

35. The actions of Stamps and Dean in both strip searches of the Plaintiff clearly violated established statutory authority and the Plaintiff's constitutional rights.

## CAUSES OF ACTION

## FEDERAL CLAIMS

### COUNT I: VIOLATION OF T.R.'s RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES
### (Against Defendants Harron, Stamps, and Dean)

36. The Plaintiff hereby reincorporates all arguments set out in numbers 1-35 as though set out here.

37. Stamps and Dean did not have reasonable suspicion that there were additional drugs, weapons, or contraband beyond those that had already been recovered from the previous search.

38. Despite not having any reason to order that T.R. strip so that she might be searched by authority figures, Stamps and Dean ordered her to strip naked, lift both her breasts, and spread her legs to a school administrator and guidance counselor.

39. Stamps and Dean did not call any law enforcement officers to conduct the search and instead went directly to the most directly invasive search after discovering a small amount of marijuana and T.R.'s medication.

40. This search was not reasonably tailored to determine if additional contraband existed and grossly violated the rights T.R. has through the Fourth Amendment to be free from unreasonable searches or seizures.

41. To make matters worse, Stamps and Dean ignored the circumstances of T.R. as an individual with mental health conditions and instead ordered her to perform an act that they reasonably should have known would cause mental anguish, potentially permanently.

42. Even if Stamps and Dean had some sort of articulable facts to support a reasonable suspicion that T.R. was hiding drugs, weapons, or contraband that required a strip search, there was no reasonable suspicion for the second strip search to be conducted in front of Stamps and others. The second strip search was malicious, intentional, and Stamps and Dean should have known it served no purpose beyond humiliating and harming T.R. and causing her mental anguish.

43. Harron was aware of the circumstances T.R. was enduring while Stamps and Dean were conducting the strip searches of the Plaintiff. They did not take any action to prevent T.R. from having her rights violated multiple times by Stamps and Dean.

44. Stamps, Harron, and Dean were acting as school officials while ordering T.R. to strip naked before them or allowing her to be stripped naked twice. They are therefore liable pursuant to 42 U.S.C. § 1983 in both their personal and official capacities for the violation of T.R.'s right to be free from unreasonable searches or seizures.

## COUNT II: FAILURE TO TRAIN
### (Against Defendants LCBE and Harron)

45. The Plaintiff hereby reincorporates all arguments and facts set out in numbers 1-35 as though set out here.

46. The actions of Stamps and Dean in conducting two unlawful strip searches of the Plaintiff in the guidance counselor's office deprived the Plaintiff of her right of privacy, to be secure in her person, and to be free from unreasonable searches and seizures, as protected by the Fourth Amendment of the United States Constitution and incorporated onto the States through the Fourteenth Amendment of the Unites States Constitution.

47. Harron was aware of the circumstances T.R. was enduring while Stamps and Dean were conducting the strip searches of the Plaintiff. They did not take any action to prevent T.R. from having her rights violated multiple times by Stamps and Dean.

48. Harron and LCBE were also informed of the specific facts regarding both strip searches of the Plaintiff and ratified the actions of Defendant Stamps and Defendant Dean by expelling the Plaintiff from school and failing to apologize to or otherwise ameliorate the harm done to the Plaintiff.

49. Harron and LCBE failed to properly train and/or supervise Defendant Stamps and Defendant Dean with respect to Lamar County's school board policy concerning student searches and drugs. Defendant Harron and Defendant LCBE also

failed to ensure the policies, supra, were properly implemented, thus rendering Defendant Harron and Defendant LCBE liable for both searches as well.

50. Defendant Harron and Defendant LCBE allowed a custom of conducting unlawful searches to exist and remain despite LCBE and Harron having known that these searches were illegal and not tailored to the facts of each individual case. Therefore, Defendant Harron and Defendant LCBE are liable for the two searches in the present case.

51. Allowing strip searches to occur and then expelling the Plaintiff due to policies put in place and not corrected despite their illegality makes their conduct actionable pursuant to 42 U.S.C. § 1983.

## STATE CLAIMS
## COUNT III: ASSAULT
### (Against Defendants Stamps and Dean)

52. The Plaintiff hereby reincorporates all arguments set out in numbers 1-35 as though set out here.

53. The actions of Defendant Stamps in ordering and participating in the two unlawful strip searches of the Plaintiff was a scenario that in the mind of a reasonable person would have created a well-founded fear of imminent battery to the Plaintiff to that she would be subjugated to offensive or harmful touching during the unreasonable strip search.

54. Additionally, the actions of Defendant Dean in participating in the two unlawful strip searches of the Plaintiff was a scenario that in the mind of a reasonable person would have created a well-founded fear of imminent battery to the Plaintiff to that she would be subjugated to offensive or harmful touching during the unreasonable strip search.

55. Therefore, the conduct of Defendant Stamps and Defendant Dean is actionable as assault.

### COUNT IV: INTRUSION (INVASION OF PRIVACY)
### (Against Defendants Stamps and Dean)

56. The Plaintiff hereby reincorporates all arguments set out in numbers 1-35 as though set out here.

57. The actions of Defendant Stamps in ordering and participating in the two unlawful strip searches of the Plaintiff constituted a wrongful intrusion upon the Plaintiff's private activities and bodily integrity in such a manner as to outrage and cause mental suffering, shame, and humiliation to persons of ordinary sensibilities.

58. Additionally, the actions of Dean in participating in the two unlawful strip searches of the Plaintiff constituted a wrongful intrusion upon the Plaintiff's private activities and bodily integrity in such a manner as to outrage and cause mental suffering, shame, and humiliation to persons of ordinary sensibilities.

59. Therefore, the conduct of Defendants Stamps and Dean are actionable as intrusion (invasion of privacy).

## COUNT V: TORT OF OUTRAGE
### (Against all Defendants)

60. The Plaintiff hereby reincorporates all arguments set out in numbers 1-35 as though set out here

61. The actions of Defendant Stamps and Dean in ordering and participating in the two unlawful strip searches of the Plaintiff were extreme and outrageous, and caused severe emotional distress to the Plaintiff, which they knew or should have known was likely to result.

62. 50. Defendant Harron and Defendant LCBE allowed a custom of conducting unlawful searches to exist and remain despite LCBE and Harron having known that these searches were illegal and not tailored to the facts of each individual case. Their actions were extreme and outrageous, and contributed to the severe emotional distress to the Plaintiff, which they knew or should have known was likely to result from their actions and inactions.

63. Therefore, the conduct of all of the Defendants are actionable as the tort of outrage.

## **PRAYER FOR RELIEF**

64. THEREFORE, Plaintiffs respectfully request the following relief:

   a. A judgment declaring that the actions of the Defendants violated the Plaintiff's federal constitutional rights;

b.  Injunctive relief enjoining the Defendants, their agents, their successors, their employees, and those acting in concert with them or at their request, from conducting searches without individualized suspicion or reasonable cause, from conducting strip searches without individualized suspicion or reasonable cause, and from otherwise continuing to violate the Plaintiff and other student's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution;

c.  Compensatory damages in an amount to be determined by a jury for emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

d.  Punitive damages against the Defendants;

e.  Attorney's fees and costs; and

f.  All other and further monetary and equitable relief as this honorable court deems just and proper.

## JURY DEMAND

65.  Plaintiffs request a trial by jury.

DATED this July 15, 2019.

/s/ Matthew A. Bailey
Matthew A. Bailey, Esq.
Attorney for Plaintiff

                    **/s/ Leroy Maxwell, Jr.**
                    Leroy Maxwell, Jr.
                    Attorney for Plaintiff

**Of Counsel:**
**Maxwell Tillman**
2326 2nd Ave N
Birmingham, AL. 35203
T: 205-216-3304
F: 205-409-4145
MBailey@MxLawFirm.com
Maxwell@MxLawfirm.com

## CERTIFICATE OF SERVICE

We hereby certify we filed the foregoing using the CM/ECF electronic filing system on July 15, 2019, and will serve the following parties to this proceeding:

Johnny Rogers
Chairman, Lamar County Commission
PO Box 338
Vernon, AL 35592

                    **/s/ Matthew A. Bailey**
                    Matthew A. Bailey, Esq.

                    **/s/ Leroy Maxwell, Jr.**
                    Leroy Maxwell, Jr.